# STATE OF NORTH CAROLINA

**ROBESON** County **FILED**

File No. 24CVS2761

In The General Court Of Justice
☐ District ☒ Superior Court Division

2024 SEP 20 A 11:48

ROBESON CO., C.S.C

BY_____

Name And Address Of Plaintiff 1
Rudy Locklear

Name And Address Of Plaintiff 2

**VERSUS**

Name Of Defendant 1
Robeson Community College

Summons Submitted ☒ Yes ☐ No

Name Of Defendant 2

Summons Submitted ☐ Yes ☐ No

☒ Jury Demanded In Pleading
☐ Complex Litigation

# GENERAL CIVIL ACTION COVER SHEET
☒ INITIAL FILING ☐ SUBSEQUENT FILING

Rule 5(b), General Rules of Practice For Superior and District Courts

Name And Address Of Attorney Or Party, If Not Represented (complete for initial appearance or change of address)

Elizabeth B. Hilker
Elliot Morgan Parsonage, PLLC
300 E. Kingston Avenue Suite 200
Charlotte, NC 28203

Telephone No. 7047073705 | Cellular Telephone No.

NC Attorney Bar No. 49083 | Attorney E-Mail Address ehilker@emplawfirm.com

☒ Initial Appearance in Case | ☐ Change of Address

Name Of Firm
Elliot Morgan Parsonage, PLLC

FAX No. 336-724-3335

Counsel for
☒ All Plaintiffs ☐ All Defendants ☐ Only (list party(ies) represented)

☐ Amount in controversy does not exceed $15,000
☐ Stipulate to arbitration

## TYPE OF PLEADING

(check all that apply)
- ☐ Amend (AMND)
- ☐ Amended Answer/Reply (AMND-Response)
- ☐ Amended Complaint (AMND)
- ☐ Assess Costs (COST)
- ☐ Answer/Reply (ANSW-Response) (see Note)
- ☐ Change Venue (CHVN)
- ☒ Complaint (COMP)
- ☐ Confession Of Judgment (CNJF)
- ☐ Consent Order (CONS)
- ☐ Consolidate (CNSL)
- ☐ Contempt (CNTP)
- ☐ Continue (CNTN)
- ☐ Compel (CMPL)
- ☐ Counterclaim (CTCL) Assess Court Costs
- ☐ Crossclaim (list on back) (CRSS) Assess Court Costs
- ☐ Dismiss (DISM) Assess Court Costs
- ☐ Exempt/Waive Mediation (EXMD)
- ☐ Extend Statute Of Limitations, Rule 9 (ESOL)
- ☐ Extend Time For Complaint (EXCO)
- ☐ Failure To Join Necessary Party (FJNP)

(check all that apply)
- ☐ Failure To State A Claim (FASC)
- ☐ Implementation Of Wage Withholding In Non-IV-D Cases (OTHR)
- ☐ Improper Venue/Division (IMVN)
- ☐ Including Attorney's Fees (ATTY)
- ☐ Intervene (INTR)
- ☐ Interplead (OTHR)
- ☐ Lack Of Jurisdiction (Person) (LJPN)
- ☐ Lack Of Jurisdiction (Subject Matter) (LJSM)
- ☐ Modification Of Child Support In IV-D Actions (MSUP)
- ☐ Notice Of Dismissal With Or Without Prejudice (VOLD)
- ☐ Petition To Sue As Indigent (OTHR)
- ☐ Rule 12 Motion In Lieu Of Answer (MDLA)
- ☐ Sanctions (SANC)
- ☐ Set Aside (OTHR)
- ☐ Show Cause (SHOW)
- ☐ Transfer (TRFR)
- ☐ Third Party Complaint (list Third Party Defendants on back) (TPCL)
- ☐ Vacate/Modify Judgment (VCMD)
- ☐ Withdraw As Counsel (WDCN)
- ☐ Other (specify and list each separately)

**NOTE:** All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must either include a General Civil (AOC-CV-751), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet.

AOC-CV-751, Rev. 1/14
© 2014 Administrative Office of the Courts

(Over)

**EXHIBIT 1**

| | CLAIMS FOR RELIEF | |
|---|---|---|
| ☐ Administrative Appeal (ADMA) <br> ☐ Appointment Of Receiver (APRC) <br> ☐ Attachment/Garnishment (ATTC) <br> ☐ Claim And Delivery (CLMD) <br> ☐ Collection On Account (ACCT) <br> ☐ Condemnation (CNDM) <br> ☐ Contract (CNTR) <br> ☐ Discovery Scheduling Order (DSCH) <br> ☐ Injunction (INJU) | ☐ Limited Driving Privilege - Out-Of-State Convictions (PLDP) <br> ☐ Medical Malpractice (MDML) <br> ☐ Minor Settlement (MSTL) <br> ☐ Money Owed (MNYO) <br> ☐ Negligence - Motor Vehicle (MVNG) <br> ☐ Negligence - Other (NEGO) <br> ☐ Motor Vehicle Lien G.S. 44A (MVLN) <br> ☐ Possession Of Personal Property (POPP) | ☐ Product Liability (PROD) <br> ☐ Real Property (RLPR) <br> ☐ Specific Performance (SPPR) <br> ☒ Other *(specify and list each separately)* <br> Sex (male) Discrimination in Violation of Title VII; Hostile Work Environment in Violation of Title VII- Sex (male); Retaliation in Violation of Title VII; Race Discrimination-Violations of 42 U.S.C. § 1981; Race and National Origin Discrimination in Violation of Title VII; Termination in Violation of the Public Policy of the State of N.C.- Race and National Origin |

Date 9/19/2024    Signature Of Attorney/Party *Elizabeth R. Hilker*

**FEES IN G.S. 7A-308 APPLY**
Assert Right Of Access (ARAS)
Substitution Of Trustee (Judicial Foreclosure) (RSOT)
Supplemental Procedures (SUPR)

**PRO HAC VICE FEES APPLY**
Motion For Out-Of-State Attorney To Appear In NC Courts In A Civil Or Criminal Matter (Out-Of-State Attorney/Pro Hac Vice Fee)

| No. | ☐ Additional Plaintiff(s) |
|---|---|
| | |
| | |
| | |
| | |

| No. | ☐ Additional Defendant(s)    ☐ Third Party Defendant(s) | Summons Submitted |
|---|---|---|
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |

*Plaintiff(s) Against Whom Counterclaim Asserted*

*Defendant(s) Against Whom Crossclaim Asserted*

AOC-CV-751, Side Two, Rev. 1/14
© 2014 Administrative Office of the Courts

Case 7:24-cv-01009-D-KS    Document 1-3    Filed 10/31/24    Page 2 of 13

| STATE OF NORTH CAROLINA | File No. 24CVS2761 |
|---|---|
| ROBESON County | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |

| Name Of Plaintiff |  |
|---|---|
| Rudy Locklear |  |
| Address |  |
|  | **CIVIL SUMMONS** |
| City, State, Zip | ☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE) |

**VERSUS**

G.S. 1A-1, Rules 3 and 4

| Name Of Defendant(s) | Date Original Summons Issued |
|---|---|
| Robeson Community College |  |
|  | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Robeson Community College<br>c/o Melissa Singler, President<br>P.O. Box 1420<br>Lumberton, NC 28359 |  |

⚠ **IMPORTANT! You have been sued!** These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra!** Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued | Time |
|---|---|---|
| Elizabeth B. Hilker<br>Elliot Morgan Parsonage, PLLC<br>300 E. Kingston Avenue, Suite 200<br>Charlotte, NC 28203 | 9/20/24 | 11:46 ☒ AM ☐ PM |
|  | Signature |  |
|  | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court |

| ☐ **ENDORSEMENT (ASSESS FEE)** | Date Of Endorsement | Time |
|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. |  | ☐ AM ☐ PM |
|  | Signature |  |
|  | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

|  |  |
|---|---|
| RUDY LOCKLEAR | ) |
|     Plaintiff | ) |
| v. | )    **COMPLAINT** |
| ROBESON COMMUNITY COLLEGE, | ) |
|     Defendant. | ) |

Plaintiff, complaining of Defendant Robeson Community College ("RCC"), alleges the following:

## INTRODUCTION

1. This is an action for declaratory and injunctive relief, and for damages sustained by Plaintiff through the unlawful discrimination, hostile work environment, and ultimate termination of his employment by Defendant. Plaintiff asserts right and claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.* (Title VII), 42 U.S.C. § 1981 and the common law of the State of North Carolina.

## PARTIES

2. Plaintiff, Rudy Locklear, 42, is a resident of Robeson, North Carolina. At all relevant times of this action, Plaintiff was an employee of Defendant as defined by Title VII, 42 U.S.C. § 1981, and the laws of the State of North Carolina.

3. Defendant RCC is a corporation organized, and existing under the law of the state of North Carolina. Defendant is located in Robeson County, North Carolina. Defendant is a community college providing education services, including, but not limited to Basic Law Enforcement Training.

4. At all times pertinent to this action, Defendant employed more than fifteen (15) employees and was the employer as defined by Title VII.

5. Upon information and belief, no senior leadership positions are held by people who identify themselves as gay.

## FACTS

6. Plaintiff initially began work for Defendant in or around 2013.

7. Plaintiff was initially hired in the position of an adjunct instructor in the Criminal Justice Program.

8. On or about July 22, 2020, Plaintiff became the Director of the BLET and Criminal Justice Technology Programs.

9. Plaintiff remained in that position until his termination on May 15, 2023.

10. Plaintiff is gay.

11. Defendants were aware of Plaintiff's sexuality at all times pertinent to this matter.

12. Melissa Singler was hired to be the President of RCC on or around November 1, 2020.

13. Shortly thereafter, Plaintiff began hearing rumors that complaints were being made regarding his position as Director of the BLET and Criminal Justice Programs due to his sexuality.

14. Plaintiff is aware of comments President Singler made which indicate that she does not approve of people who are gay.

15. Plaintiff is also aware of other individuals in leadership positions who took issue with his sexual orientation.

16. Plaintiff is a Native American of the Lumbee Tribe and serves on the Lumbee Tribal Counsel.

17. President Singler is also Native American but is a member of a different tribe, specifically the Waccamaw Siouan Tribe.

18. Following President Singler's hire with Defendant, Plaintiff became aware of other Native American men, who do not belong to President Singler's tribe, whose employment was terminated.

19. In October, 2021, he requested a meeting with human resources to discuss his concerns.

20. This meeting took place on October 26, 2021.

21. During the meeting he asked that Human Resources protect him from retaliation for bringing to their attention the harassment he was facing.

22. Following this meeting, it became apparent to Plaintiff that school leadership, including President Singler were looking for reasons to terminate his employment.

23. Other members of the law enforcement community informed Plaintiff that members of school administration were upset Plaintiff held the position of Director of the BLET and Criminal Justice Programs due to his sexuality.

24. Human Resources did not protect him from ongoing harassment or retaliation.

### Plaintiff's Discharge from Employment with Defendant

25. Despite Plaintiff's complaints and Defendant's knowledge of the same, Defendant terminated Plaintiff's employment on or around May 15, 2023 for reasons that are entirely pretextual and unworthy of belief.

26. Plaintiff was suspended on February 28, 2023, shortly after reporting to Defendant that he believed four of his students were cheating.

27. Defendant provided no rationale for his suspension other than they feared he may retaliate.

28. Defendant had no legitimate basis for this concern.

29. Plaintiff was following the procedures of Defendant at the time he made the report of his cheating concerns.

30. He was told on or around March 1, 2023, that his employment was terminated and that his General Instructor Certification had been revoked.

31. Defendant does not have the ability to revoke his General Instructor Certification.

32. Plaintiff maintains his General Instructor Certification.

33. Following the conversation in which Plaintiff was informed that his General Instructor Certification was revoked, Plaintiff spoke with the North Carolina Criminal Justice Training and Standards Commission who confirmed that his General Instructor Certification was still valid.

34. When Plaintiff informed Defendant of the above, instead of being terminated as of March 1, 2023, he was suspended and ultimately terminated on May 15, 2023.

35. Prior to his report, Plaintiff had received no discipline of any kind including but not limited to coaching and counseling, verbal warnings, or written warnings.

36. Defendant had no legitimate basis for terminating Plaintiff's employment on February 28, 2023, or suspending Plaintiff's employment thereafter.

37. Defendant had no legitimate basis for terminating Plaintiff's employment on May 15, 2023.

38. Defendant's grounds for terminating Plaintiff are pretextual and unworthy of belief.

## Plaintiff's Filing of his EEOC Charge of Discrimination and Exhaustion of Administrative Remedies

39. As a result of Defendant's actions, on or about June 12, 2023 Plaintiff filed a Charge of Discrimination (Charge # 433-2023-03067) with the EEOC at their Raleigh office alleging race, national origin, sex discrimination, and retaliation.

40. On June 25, 2024, the EEOC issued notice of Plaintiff's right to sue with respect to his charge against Defendant.

41. Plaintiff has complied with all procedural prerequisites to filing this action.

## FIRST CLAIM FOR RELIEF
## Sex (male) Discrimination in Violation of Title VII

42. Plaintiff hereby incorporates the foregoing paragraphs as if fully set out herein.

43. The Supreme Court in the case of *Bostock v. Clayton County*, held that sex is necessarily a but-for cause when an employer discriminates against an employee on the basis of their sexual orientation as an employer who discriminates on those grounds inescapably relies on sex in its decision making. *Bostock v. Clayton County*, 590 U.S. 644, 662, 140 S. Ct. 1731, 1742 (2020).

44. As stated above, Plaintiff was a member of the protected class under Title VII as a gay male and was protected from by Title VII from sex discrimination and harassment in the workplace.

45. Throughout his employment with Defendant, Plaintiff was subjected to unwelcome sex discrimination that was persistent and pervasive.

46. Specifically, Defendant wrongfully and intentionally discriminated against Plaintiff in violation of 42 U.S.C. § 2000e-2, as follows:

    a. Subjecting Plaintiff to a hostile workplace due to his sexual orientation, and failing to take reasonable and prompt corrective action to address and end discrimination;
    b. Subjecting Plaintiff to discriminatory and harassing statements, comments, and unlawful conduct as a result of sex (male);
    c. Subjecting Plaintiff- to disparate treatment in comparison to his heterosexual colleagues; and
    d. Failing to adequately investigate and remedy Plaintiff complaints of sex discrimination and unlawful conduct in the workplace.

47. As a proximate result of Defendant's acts of sex discrimination against Plaintiff, Plaintiff has suffered substantial damages, including lost income and benefits and other economic losses, mental anguish, and emotional distress; loss of reputation and quality of life, and other damages to be proven at trial.

48. Plaintiff is entitled to appropriate relief pursuant to Title VII, including compensatory damages and reasonable attorneys' fees and costs for his representation herein pursuant to 42 U.S.C. § 2000e-5(k).

49. The acts of Defendant, as described above, were malicious, and evinced an intentional or reckless indifference to and disregard for the federally protected civil rights of Plaintiff. Accordingly, Plaintiff is entitled to punitive damages in an amount to be determined by a jury pursuant to 42 U.S.C. § 1981a(b).

## SECOND CLAIM FOR RELIEF
### Hostile Work Environment in Violation of Title VII-Sex (male)

50. Plaintiff hereby incorporates the foregoing paragraphs as if fully set out herein.

51. The Supreme Court in the case of *Bostock v. Clayton County*, held that sex is necessarily a but-for cause when an employer discriminates against an employee on the basis of their sexual orientation as an employer who discriminates on those grounds inescapably relies on sex in its decision making. *Bostock v. Clayton County*, 590 U.S. 644, 662, 140 S. Ct. 1731, 1742 (2020).

52. As stated above, Plaintiff was a member of the protected class under Title VII as a gay male and was protected from by Title VII from sex discrimination and a hostile work environment in the workplace.

53. Throughout his employment with Defendant, Plaintiff was subjected to unwelcome sex discrimination that was persistent and pervasive.

54. Specifically, Defendant wrongfully and intentionally discriminated against Plaintiff in violation of 42 U.S.C. § 2000e-2, as follows:

a. Subjecting Plaintiff to a sexually hostile workplace, and failing to take reasonable and prompt corrective action to address and end discrimination;
b. Subjecting Plaintiff to discriminatory and harassing statements, comments, and conduct as a result of his sex (male);
c. Subjecting Plaintiff to disparate treatment in comparison to his heterosexual colleagues;
d. Discharging Plaintiff as a result of discrimination on the basis of his sex (male).

55. As a proximate result of Defendant's acts of sex discrimination and hostile work environment against Plaintiff, Plaintiff has suffered substantial damages, including lost income and benefits and other economic losses, mental anguish, and emotional distress; loss of reputation and quality of life, and other damages to be proven at trial.

56. The acts of Defendant, as described above, were malicious, and evinced an intentional or reckless indifference to and disregard for the federally protected civil rights of Plaintiff. Accordingly, Plaintiff is entitled to punitive damages in an amount to be determined by a jury pursuant to 42 U.S.C. § 1981a(b).

### THIRD CLAIM FOR RELIEF
### Retaliation in Violation of Title VII

57. Plaintiff hereby incorporates by reference the foregoing paragraphs as if fully set forth herein.

58. During his employment, Plaintiff engaged in protected activity under Title VII, when he complained about disparaging comments regarding his sexuality and racial inequality on or about October 26, 2021, and opposing the unlawful employment practices and conduct of Defendant.

59. At the time Defendant took adverse employment actions against Plaintiff, he was performing his job in a satisfactory manner meeting or exceeding the reasonable expectations of his employer.

60. As a proximate result of defendant's illegal acts of retaliation against Plaintiff, Plaintiff has suffered substantial damages, including lost income and benefits and other economic losses; mental anguish and emotional distress; loss of reputation and quality of life; and other damages to be proven at trial.

61. Plaintiff is entitled to appropriate relief pursuant to Title VII, including compensatory damages and reasonable attorney's fees and costs for his representation herein pursuant to 42 U.S.C. § 2000e-5(k).

### FOURTH CLAIM FOR RELIEF
### Race Discrimination – Violations of 42 U.S.C. § 1981

62. Plaintiff hereby incorporates by reference the foregoing paragraphs as if fully set forth herein.

63. At all times pertinent to this action, Plaintiff was a protected member of a class as an individual of Native American race, ancestry, and descent.

64. Defendant intentionally discriminated against Plaintiff as a result of his race during the course of his employment and termination which is in violation of the Civil Rights Act of 1866, 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991.

65. As set forth herein, Defendant created a hostile work environment which was sufficiently severe and pervasive for the Plaintiff based on his race in violation of 42 U.S.C. § 1981.

66. As set forth herein, Defendant retaliated against Plaintiff for engaging in protected activity and opposing race discrimination and related unlawful employment practices by discharging Plaintiff on or about May 15, 2023, in violation of 42 U.S.C. § 1981.

67. By actions described above, the Defendant intended to, and did, discriminate against Plaintiff on the basis of his race in violation of 42 U.S.C. § 1981, with respect to the terms, conditions and privileges of his employment.

68. As a proximate result of defendant's illegal acts of retaliation against Plaintiff, Plaintiff has suffered substantial damages, including lost income and benefits and other economic losses; mental anguish and emotional distress; loss of reputation and quality of life; and other damages to be proven at trial.

69. Plaintiff is entitled to appropriate relief pursuant to 42 U.S.C. § 1981, as amended, including compensatory damages and reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

## FIFTH CLAIM FOR RELIEF
### Race and National Origin Discrimination in Violation of Title VII

70. Plaintiff hereby incorporates by reference the foregoing paragraphs as if fully set forth herein.

71. Plaintiff is of Native American race and national origin and is within the classes of protected persons by Title VII.

72. Defendant wrongfully and intentionally discriminated against Plaintiff, as alleged herein, because of his race and national origin in violation of Title VII. This would include the disparate treatment of Plaintiff by Defendant on the basis of race and national origin.

73. Defendant wrongfully and intentionally engaged in discriminatory practices, including its termination of Plaintiff because of Plaintiff's race and national origin in violation of Title VII.

74. As a proximate result of Defendant's illegal acts of race and national origin discrimination against Plaintiff, Plaintiff has suffered substantial damages, including lost income and benefits and other economic losses; mental anguish and emotional distress; loss of reputation and quality of life; and other damages to be proven at trial.

75. Plaintiff is entitled to appropriate relief pursuant to Title VII, including compensatory damages and reasonable attorney's fees and costs for his representation herein pursuant to 42 U.S.C. § 2000e-5(k).

## SIXTH CLAIM FOR RELIEF
### Termination in Violation of the Public Policy of the State of North Carolina – Race and National Origin

76. Plaintiff hereby incorporates by reference the foregoing paragraphs as if fully set forth herein.

77. The public policy of North Carolina, as expressed in N.C. Gen. Stat. § 143-422.2 mandates that employers of fifteen or more employees shall not discriminate on the basis of race. At all times pertinent to this claim, Defendant employed in excess of fifteen employees.

78. Defendant's decision to discharge Plaintiff from employment constituted a wrongful discharge under the common law in that in violated the public policy of the state of North Carolina as set out in N.C. Gen. Stat. § 143-422.2.

79. Defendant violated the public policy of North Carolina in its termination of Plaintiff's employment because of his Native American race and national origin on or about May 15, 2023.

80. As a proximate result of Defendant's illegal acts of retaliation against Plaintiff, Plaintiff has suffered substantial damages, including lost income and benefits and other economic losses, mental anguish and emotional distress, loss of reputation and quality of life, and other damages to be proven at trial.

81. Defendant's acts, as described above, were deceptive, willful, and wanton, and evinces an intentional or reckless indifference to and disregard for the civil rights of Plaintiff. Aggravating circumstances concerning Defendant's conduct are provided in Paragraphs 2-35.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:
A. That he recovers compensatory damages against Defendant in an amount in excess of $100,000;
B. That he recovers punitive damages against Defendant in an amount in the judgment of the jury;
C. That he be awarded pre-trial and post-judgment interest on all amounts awarded herein;
D. That he be awarded the costs of this action; and
E. That he be granted further relief as the court deems just and proper.

## PLAINTIFF'S DEMAND FOR A JURY TRIAL

Pursuant to Rule 38(b) of the North Carolina Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues presented herein.

This the 19th day of September 2024.

*Elizabeth B. Hilker*
Elizabeth B. Hilker
N. C. State Bar No. 49083
Elliot Morgan Parsonage, PLLC
300 E. Kingston Ave.
Suite 200
Charlotte, NC 28203
Phone: 704-707-3705
ehilker@emplawfirm.com