IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Civil Action No. 7:24-cv-01009

| | |
|---|---|
| RUDY LOCKLEAR, ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> v. ) <br> ) <br> ROBESON COMMUNITY ) <br> COLLEGE, ) <br> ) <br> ) <br> Defendant. ) | REPORT OF THE PARTIES' <br> PLANNING MEETING <br> Fed. R. Civ. P. 26(f) |

1. The following persons participated in a Rule 26(f) conference on January 6, 2025, by telephone conference by Elizabeth B. Hilker on behalf of Plaintiff Rudy Locklear and Katie Weaver Hartzog on behalf of Defendant Robeson Community College.

2. **Initial Disclosures.** The parties will complete initial disclosures on or before **fourteen (14) days** after entry of a scheduling order by the Court.

3. **Discovery Plan**. The parties propose to the Court the following discovery plan:

   a. Discovery will be needed on all aspects of the case, including the allegations raised by Plaintiffs and the defenses proffered by Defendant, and all other issues raised by the pleadings and other relevant matters within the scope of Fed. R. Civ. P. 26.

i. Basis for subject matter jurisdiction: Plaintiff contends that subject matter jurisdiction exists pursuant to 28 U.S.C. §§ 1331 and 1343.

ii. The most important or key factual issues and legal issues involved in the case: Whether Defendant engaged in employment discrimination against Plaintiff based on his race in violation of his rights under Title VII, equal protection and due process under the Fourteenth Amendment, and 42 U.S.C. §§ 1981 and 1983.

iii. A breakdown of damages sought: Plaintiff seeks past and future lost wages or benefits, damages to compensate his past and future emotional distress, punitive damages, reasonable attorney's fees and costs of this action, and pre-judgment interest.

b. The deadline for completion of all discovery, including general and expert, is **December 31, 2025**.

c. A maximum of **25 interrogatories** (including subparagraphs), may be propounded on each separate party by each other party. Responses are due in accordance with Fed. R. Civ. P. 33 unless extended by stipulation of the parties or order of the Court. The parties reserve the right to mutually agree upon the issuance of additional interrogatories.

i. Responses to requests for production of documents are due in accordance with Fed. R. Civ. P. 34 unless extended by stipulation of the parties or order of the Court. The parties reserve the right to

mutually agree upon the issuance of additional requests for production of documents.

d. A maximum of **25 requests for admission** may be propounded on each separate party by each other party. Responses are due in accordance with Fed. R. Civ. P. 36 unless extended by stipulation of the parties or order of the Court. The parties reserve the right to mutually agree upon the issuance of additional requests for admission.

e. A maximum of **10 depositions** by Plaintiff and a maximum of 10 depositions by Defendant. The parties reserve the right to mutually agree to take additional depositions.

f. All depositions are limited to a maximum length of 7 hours, unless extended by the agreement of the parties.

g. Reports required by Rule 26(a)(2)(B) and disclosures required by Rule 26(a)(2)(C) are due from Plaintiff by **June 30, 2025**, and from Defendants by **July 31, 2025.**

h. Supplementation is required as provided by Fed. R. Civ. P. 26(e) and will occur by **October 31, 2025**.

i. Electronic Discovery. Should the parties seek discovery of electronically stored information (ESI), then the following provisions shall apply:

   i. Form of production/preservation: The parties agree that discoverable electronically stored information will be produced in the form(s) in which the information is ordinarily and customarily

3

maintained in the usual course of business or, if not reasonably usable in that form, in such other form as is reasonably usable.

ii. The parties further agree that after they are served with a request for production that seeks electronically stored information, they will undertake a good faith effort to identify relevant electronically stored information and will preserve any such information identified, but the parties agree that the parties are not required to deviate from their normal records retention policies with respect to electronically stored information or other records, with the exception of information previously identified by the parties as relevant to this action or information that has been the subject of a preservation request.

iii. A responding party should produce electronically stored information that is relevant, not privileged, and reasonably accessible, subject to limitations proscribed by Fed. R. Civ. P. 26(b)(2)(C). If the responding party believes the electronically stored information sought is not readily accessible, then the responding party is required to identify the sources of potentially responsive information that it is not searching or not producing and is further required to preserve such evidence. If the requesting party believes this information should still be searched or produced, it shall confer with the responding party as to potential

conditions on obtaining and producing the information, such as search terms and/or cost allocation of production. If, after conferring, the parties cannot agree on the extent or conditions of production, the information's production shall be governed by the process set forth in Fed. R. Civ. P. 26(b)(2).

j. Issues Regarding Privilege: The parties have discussed certain issues related to claims of privilege and protection as trial-preparation material and agreed upon a procedure to assert such claims after an inadvertent production of privileged or trial-preparation materials. The parties agree that an inadvertent disclosure of privileged or trial-preparation materials (absent a clear indication of the intent to waive such privilege or protection) shall not be deemed a waiver or forfeiture of such privilege or protection provided that the party making the production or disclosure promptly identifies any such documents mistakenly produced after discovery of the inadvertent production. The parties further agree that, upon request, any such mistakenly produced documents shall be returned. In the event of a dispute over use of any privileged materials, the receiving party must sequester or destroy all copies, and may not use or disseminate the information contained therein until such time as the dispute over the claim of privilege is resolved by the Court.

    i. If the parties anticipate that the exchange of sensitive confidential information – such as private financial information, medical

records, personnel records, and tax returns – may be called for during discovery, and therefore anticipate entering a consent Protective order to facilitate the exchange of such information.

4. **Other Items.**

   a. The parties **do not** request that a Fed. R. Civ. P. 16(b) pretrial conference be scheduled prior to entry by the Court of its case management order. The parties understand that a case management order shall be entered immediately after receipt and consideration of the parties' joint report and plan, and the issues raised in the pleadings, and that case deadlines established among the terms of the order will not be altered by the Court absent extenuating circumstances.

   b. The parties request that a pretrial conference be scheduled at least thirty (30) days before trial.

   c. Plaintiff should be allowed until **February 14, 2025**, to request leave to join additional parties or amend pleadings.

   d. Defendants should be allowed until **March 14, 2025**, to request leave to join additional parties or amend pleadings.

   e. All initial motions to dismiss shall be filed by **March 14, 2025**, and all potentially dispositive motions shall be filed no later than thirty (30) days after the close of the discovery period. Responses and replies, if any, shall be due in accordance with Local Rule 7.1.

f.  The parties agree that mediation of this matter should be conducted **by the close** of the discovery period, the exact date of mediation to be set by the mediator after consultation with the parties. The parties have selected **Sarah Kromer** to mediate this matter.

g.  The final date for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition and exhibit lists shall be **twenty-eight (28) days** prior to the final pretrial conference.

h.  The final date for designating and serving objections under Rule 26(a)(3) is **twenty-one (21) days** prior to the final pretrial conference.

   i.  The parties' Rule 26(a)(3) disclosures, and objections thereto, shall be incorporated into the final pretrial order, consistent with Local Civil Rule 16.1(c).

   ii. The pretrial order must be submitted to the Court **seven (7) days** prior to the final pretrial conference.

   iii. The final pretrial conference shall take place at the Court's pleasure, at least **seven (7) days** before the scheduled trial date.

i.  The parties request that trial be set after dispositive motions are ruled upon. Trial of the action is expected to take approximately **five days**. A jury trial has been demanded. The parties request that trial be set no earlier than 30 days following ruling on dispositive motions.

j.  Other matters

   i.  The parties **do not** consent to use of a magistrate judge in this matter.

ii. The parties are not aware of any scheduling issues affecting counsel or the parties.

iii. The Parties anticipate that fact witness depositions will be taken after service of interrogatory responses by the Parties. Counsel for the Parties will confer and attempt to schedule any depositions on mutually agreeable dates during the discovery period. The Parties will update this deposition schedule at reasonable intervals.

iv. This case does not need early judicial intervention due to complexity or other factors.

v. The parties stipulate to service via e-mail or other electronic means.

This the 15th day of January, 2025.

**HARTZOG LAW GROUP**

/s/ *Katie Weaver Hartzog*
KATIE WEAVER HARTZOG
N.C. State Bar No. 32989
E-mail: khartzog@hartzoglawgroup.com
2626 Glenwood Avenue, Suite 305
Raleigh, NC 27608
Telephone: 919-670-0338
Fax: 919-714-4635
*Attorney for Defendant*

**ELLIOT MORGAN PARSONAGE, PLLC**

/s/ *Elizabeth B. Hilker*
ELIZABETH B. HILKER
N.C. State Bar No. 49083

Email: ehilker@emplawfirm.com
300 E. Kingston Avenue, Suite 200
Charlotte, NC 28203
Telephone: 704-707-3705
Facsimile: 336-724-3335
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2025 I electronically filed the foregoing *Joint Rule 26(f) Report* with the Clerk of Court using the CM/ECF system, which will effect service on all registered users:

Elizabeth B. Hilker
Elliot Morgan Parsonage, PLLC
300 E. Kingston Avenue, Suite 200
Charlotte, NC 28203
ehilker@emplawfirm.com
*Attorney for Plaintiff*

This the 15th day of January, 2025.

**HARTZOG LAW GROUP LLP**

/s/ *Katie Weaver Hartzog*
KATIE WEAVER HARTZOG
N.C. State Bar No. 32989
E-mail: khartzog@hartzoglawgroup.com
2626 Glenwood Avenue, Suite 305
Raleigh, NC 27608
Telephone: 919-670-0338
Fax: 919-714-4635
*Attorney for Defendant*